# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) Case No. 1:15CR00034-001<br>)<br>) **OPINION**<br>)<br>) JUDGE JAMES P. JONES<br>)<br>) |
| v. | |
| **JOSHUA ROBERT BERRY,** | |
| Defendant. | |

*Joshua Robert Berry, Pro Se Defendant.*

The defendant, Joshua Robert Berry, has filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He also relies on Rule 15(c) and (d) of the Federal Rules of Civil Procedure, regarding amendments to civil pleadings. Upon review of the motion and court records, I find that the § 2255 motion must be summarily dismissed as successive.[1]

Berry pleaded guilty, pursuant to a written Plea Agreement, to Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, use or possession of firearm during and in furtherance of crime of violence, and death caused by use or possession of firearm during and in furtherance of crime of violence. I sentenced him to a total

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the motion and the record of prior proceedings that the defendant is not entitled to relief.

term of 734 months of incarceration. Berry did not appeal his convictions or his sentence. On April 15, 2020, I dismissed Berry's initial § 2255 motion as without merit. *United States v. Berry*, 454 F. Supp. 3d 608, 610 (W.D. Va. 2020), *appeal dismissed*, No. 20-6519, 2020 WL 6059683 (4th Cir. June 30, 2020).

Berry now brings a second § 2255 motion, alleging the following grounds for relief: (1) Berry instructed counsel to appeal the upward departure applied at sentencing, and counsel failed to do so; (2) counsel was ineffective in failing to explain certain precedent before allowing Berry to plead guilty; (3) Berry had legal grounds to withdraw his guilty plea; and (4) the court used an improper analysis to determine Berry's sentence on some counts.

This court may consider a defendant's second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). As stated, Berry has already filed his initial § 2255 motion that I dismissed as untimely filed. Because Berry offers no indication that he has obtained certification from the court of appeals to pursue his current motion as a second or successive § 2255 motion, I must dismiss that motion without prejudice as successive.[2]

---

[2] Berry claims that while his initial § 2255 motion was pending, he filed a Motion to Amend, seeking to add claims similar to those presented in the instant § 2255 motion. The court has no record of receiving any such amendment from Berry, and he admits that he received no response from this court regarding his purported amendment attempt. Moreover, the remedy for a district court's failure to address an amendment would have

A separate Final Order will be entered herewith.

DATED: October 20, 2021

/s/  JAMES P. JONES
Senior United States District Judge

---

been a motion seeking reconsideration or an appeal of the Opinion and Order denying relief on the initial § 2255.  Berry never moved for reconsideration of that Opinion and Order, and his appeal has been dismissed for failure to prosecute.  On this record, I do not find any merit to Berry's contention that he can proceed with the claims in the instant § 2255 motion without first obtaining certification from the court of appeals to do so, as required in § 2255(h).