## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | Case No. 1:15CR00034-1 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JOSHUA ROBERT BERRY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Joshua Robert Berry, Pro Se Defendant.*

The defendant, Joshua Robert Berry, has filed a third Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Upon review of the motion and court records, I find that this § 2255 motion must be summarily dismissed as successive.[1]

Berry pleaded guilty, pursuant to a written Plea Agreement, to Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, use or possession of firearm during and in furtherance of crime of violence, and death caused by use or possession of firearm during and in furtherance of crime of violence.  I sentenced him to a total term of 734 months of incarceration.  Berry did not appeal his convictions or his

---

[1]  Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the motion and the record of prior proceedings that the defendant is not entitled to relief.

sentence.  On April 15, 2020, I dismissed Berry's initial § 2255 motion as without merit.  *United States v. Berry*, 454 F. Supp. 3d 608, 610 (W.D. Va. 2020), *appeal dismissed*, No. 20-6519, 2020 WL 6059683 (4th Cir. June 30, 2020).

In Berry's third § 2255 motion, he asserts that under a Supreme Court decision, *United States v. Taylor* (citation not provided), his conviction for attempted Hobbs Act robbery no longer qualifies as a predicate crime for his separate conviction under 18 U.S.C. § 924(c).  He seeks permission to file a memorandum in support of this theory within 45 days.

This court may consider a defendant's second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria.  *See* § 2255(h).  As stated, Berry has already filed his initial § 2255 motion that I dismissed as without merit.  Because Berry offers no indication that he has obtained certification from the court of appeals to pursue his current motion as a second or successive § 2255 motion, I must dismiss that motion without prejudice as successive.

A separate Final Order will be entered herewith.

DATED:  May 23, 2023

/s/  JAMES P. JONES
Senior United States District Judge